OPINION OF THE COURT
Harold J. Rothwax, J.
Each of the defendants has moved, pursuant to CPL 710.20 (subd 2) and section 2518 (subd [10], par [a]) of title 18 of the United States Code, to suppress tape recordings of telephone conversations to which each defendant was a party.
This motion was originally made by the defendant De Lucia and, on June 21, 1977, this court set the matter down for a hearing.
Subsequently, and by consent of all the parties, the other defendants were joined. A hearing has now been held and the following constitutes the decision, opinion, and order of the court.
During the months of September and October of 1974 conversations occurred between one Bernard Landers and each of the above-named defendants. Landers recorded these conversations by means of a cassette tape recorder attached to his phone receiver. It is clear that at the time of these conversations Landers, was not co-operating with any law enforcement agency.
It is well-established and codified law that a party to a conversation is free to record it. (CPL 700.05, subd 3; US Code, tit 18, § 2511, subd [2], pars [c], [d].) However, the defendants rely upon an exception to this rule which is contained in section 2511 (subd [2], par [d]) of title 18 of the United States Code, which reads as follows: "(d) It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire or oral communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the *503 Constitution or laws of the United States or of any State or for the purpose of commiting any other injurious act.” (Emphasis added.)
Section 2515 of title 18 provides that the contents of a communication intercepted in violation of this chapter (US Code, tit 18, §§ 2510-2520) may not be received in evidence before any tribunal, Federal, State, or local.
In carving out this exception, the Congress has created an unusual addition to the Fourth Amendment exculsionary rule. The statute deals wih private rather than State action and serves the purpose of protecting privacy, rather than deterring official misconduct.
It is clear, and not contested, that the statute is binding on State courts and this court must determine its applicability to the facts in these cases.
The People have urged that the mere use of a recording device attached to a telephone receiver is not an interception within the meaning of the statute. The court has found the authorities cited in support of this proposition unpersuasive (cf. United States v Harpel, 493 F2d 346). Section 2510 (subd [4]) of title 18 of the United States Code defines "intercept” as "the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device.” The court finds that the cases holding that a surreptitious consent tape recording of a phone conversation is an "intercept” within the above definition are more persuasive and controlling (see United States v Turk, 526 F2d 654; Meredith v Gavin, 446 F2d 794). Moreover, the legislative history of section 2511 (subd [2], par [d]) of title 18 as reviewed in Meredith and in United States v Phillips (540 F2d 319) clearly indicates a legislative intent to include this type of conduct within the meaning of "intercept”. Indeed, to do otherwise would almost totally eviscerate the statute (US Code, tit 18, § 2511, subd [2], par [d]) since, in most consent recording situations, a telephone receiver will be the primary source of the interception.
It should be noted that the interception occurs with the recording of the conversation, not the aural acquisition over the telephone. Thus the tortious or illegal purpose of the recording party must relate to the act of recording and not to the conversation itself.
If, in the present context, the court were to find that Landers, with criminal or tortious purpose, acquired the con *504 versation without recording it, the section would not be applicable, since there would be no "interception”. In any event, Landers could testify as to the conversation (see Hoffa v United States, 385 US 293). Thus there is no occasion to invoke the sanction of suppression under section 2515 of title 18 of the United States Code even if the purpose of the conversation is criminal or tortious, as long as the purpose of the recording is not (United States v Turk, supra, p 657, n 1).
Obviously the purpose of the conversation and the purpose of the recording may be similar or identical, but the court has made no such assumption and it views these issues as separable.
The Federal statute section 2518 (subd [10], par [a]) of title 18 specifies a procedure by which the sanctions of section 2515 of title 18 are implemented. That section requires that the "aggrieved person” move to suppress the evidence. It has been held that the party seeking suppression has the ultimate burden of alleging and proving the specific criminal, tortious, or other injurious purpose for which the interception was made (United States v Phillips, supra, p 326).
The court holds that the prosecutor has the burden of going forward and calling the parties responsible for the interception and to establish a legal purpose for the interception. If this obligation is met, the defendant must prove, by a preponderance of the evidence, the existence of one of the exceptions listed in section 2511 (subd [2], par [d]) of title 18 (a specific criminal, tortious, or injurious purpose). The risk of nonpersuasion shall remain with the defendants (United States v Phillips, 540 F2d 319, 326, n 3, supra).
There remains one other related issue requiring resolution. Here each defendant was the other party to the conversation with Landers that each seeks to suppress. Each defendant has procedural standing to make the motion. The issue is: Does a defendant have substantive standing to exclude the recording if the court should find that Landers, with criminal or tortious purpose, sought to injure someone other than the defendant with whom he was having the conversation, and that he had no such purpose regarding that defendant?
The statute is silent on this issue, and there is no case authority. There is also a paucity of legislative history, but it does provide some guidance. Section 2511 (subd [2], par [d]) of title 18 of the United States Code was missing from title III *505 when the bill was first reported out of committee (Sen Rep No. 90-1097, 1968 US Code Cong & Admin News, pp 2112, 2182; Meredith v Gavin, 446 F2d 794, 798, supra). At the urging of Senators Hart and McClellan, however, the section was added to the bill. Senator Hart’s comments on the bill appear to constitute the only "legislative history” of the section. They are, in pertinent part, as follows: "Such one-party consent is * * * prohibited when the party acts in any way with an intent to injure the other party to the conversation in any other way. For example, the secret consensual recording may be made for the purpose of blackmailing the other party, threatening him, or publicly embarrassing him * * * Nor does it prohibit such recording in other situations when the party acts out of a legitimate desire to protect himself and his own conversations from later distortions or other unlawful or injurious uses by the other party. (Emphasis supplied; 114 Cong Rec 14694-14695, May 23, 1968.)
These comments, when set alongside the traditional restriction in Federal and New York State law which limits standing under the Fourth Amendment to those persons whose constitutional rights have been infringed, have led me to conclude that the benefits of section 2511 (subd [2], par [d]) of title 18 should be available only to the other party to the conversation when the recording party has acted with a criminal, tortious, or other injurious purpose toward him. If the animus is toward a third party, the other party to the conversation has no substantive standing to suppress the recording.
In that context the issue is: What was Bernard Landers’ purpose in recording his conversations with each of the defendants?
A review of the law and of the facts has led me to conclude that the motion to suppress, as to each defendant, must be denied. Each defendant has failed to meet his burden of proving that Landers recorded the conversations in issue for a criminal, tortious or other injurious purpose.
At the time Landers acquired the tape recorder in September, 1974, he had been required to discharge a substantial segment of his staff and the remainder of his employees faced imminent release. Landers was in the process of completing and concluding his business with the Department of Law. He had a suit pending against the State; he felt that he had been betrayed and dealt with unfairly and he was distrustful of the defendant Hopkins. His uncontradicted testimony that for *506 these reasons he wanted, a record of his dealings with the Department of Law is persuasive.
The evidence reveals that Landers did not engage in any persistent or pervasive attempt to tape the defendants. The recordings are basically innocuous and not damaging to either the defendant Hopkins or the defendant De Lucia, and as to the defendant Geruso it is only his own volunteered statement that is implicating. It is important to note that Landers never did make any improper use of these recordings.
Arguably, the contents of the conversations with De Lucia and Hopkins are threatening, but we are concerned with the purposes of the recording, not the purposes of the conversation. These are not conversations that seek to entrap the defendants; Landers does almost all of the talking; there is no attempt by him to elicit incriminating statements; both defendants are guarded, generally monosyllabic and totally noncommittal.
Additionally, the conversations with Hopkins and De Lucia communicate data of significance to both parties: Landers’ completion dates for previously assigned work and his resolve to continue with his claim against the State. Landers had resolved a conflict over which he had agonized — whether or not to withdraw his suit — and he advised Hopkins about it. Hopkins advised Landers to discuss his claim with De Lucia, who was handling it for the Department of Law, and Landers called De Lucia the next day to do so. His posture of grievance and threat in these conversations is incidental to that purpose. Only Landers is implicated or incriminated by these statements and it is difficult to perceive what use could be made of these recordings by Landers. In fact, although he spoke of using the recordings and thought of using them, he never did do anything with them until after he began to cooperate with the District Attorney in April, 1975. Note that Landers’ threats to go to the authorities with his accusations unless his suit was settled favorably always related to entries in his diaries, not to his recordings with the defendants.
The conversation with the defendant Geruso is transparently and clearly to fix a time and place where the two can meet. The purpose of the meeting is not even stated on the tape.
I have indicated that I find that Landers did not record any of these conversations for the purpose of committing any criminal, tortious or other injurious act. I need not, therefore, *507 reach the issue of substantive standing. However, because of the possibility of appellate review, I deem it desirable to do so. In my view, neither the defendant De Lucia nor the defendant Geruso has substantive standing.
Substantive standing is conferred on the other party to the conversation only when the other party is the target of the recorder’s illegal or improper purpose. Where the criminal, tortious or injurious purpose relates to a third party, the other party to the conversation has no standing to suppress the recording. Even if Landers was to be found to have recorded these conversations with improper purpose — and I do not so find — it is not possible, on this record, to find that either De Lucia or Geruso were the objects or the targets of that purpose.
The aforesaid constitutes the opinion, decision and order of the court.